

Pro se, Plaintiff,
WILLIAM C. OWENS
936 Saint Germain Road
Chula Vista, CA. 91913

619-723-5567

WILLIAM C. OWENS,

PLAINTIFF,

CASE NO. **'19CV0012 JAH MDD**

vs.

RICHARD V. SPENCER, SECRETARY,

DEPARTMENT OF THE NAVY,

DEFENDANTS.

) **COMPLAINT FOR (1) FAILURE TO**
) **PROMOTE BASED ON RACE,**
) **GENDER & COLOR**
) **DISCRIMINATION; (2)**
) **DISABILITY DISCRIMINATION; (3)**
) **AGE DISCRIMINATION BASED ON**
) **RACE; (4) SUBJECTED TO A**
) **HOSTILE WORK ENVIRONMENT**
) **& DISPARATE TREATMENT BASE**
) **ON RACE; (5) RETALIATION FOR**
) **PRIOR EEO ACTIVITY BASED ON**
) **RACE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**JURY TRIAL DEMANDED**

Plaintiff complains and alleges as follows:

1

Complaint

## JURISDICTION

1. This action is brought under the Federal Vocational Rehabilitation Act (29 U.S.C. § 701, et seq.) ("VRA"); the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) ("ADEA"); and Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, et seq.) ("Title VII"). This court has jurisdiction under 28 U.S.C. § 1331.

## VENUE

2. The events or omissions giving rise to plaintiff's claims occurred in the State of California, County of San Diego. Thus, venue is proper here (the Southern District) pursuant to 42 U.S.C. 2000e-5 (f) (3).

## PARTIES

3. Plaintiff WILLIAM C. OWENS ("PLAINTIFF") is currently a resident of the State of California.

4. Defendant RICHARD V. SPENCER ("DEFENDANT") is the current Secretary of the Department of the Navy (DoN), PLAINTIFF'S former employer.

## FACTS

5. PLAINTIFF is a retired Marine Corps veteran. At all times relevant to the instant action, he was employed as a Supervisory Contract Specialist, GS-1102-13, by the DoN at the Southwest Regional Maintenance Center ("SWRMC").

6. PLAINTIFF suffers from chronic sinusitis, prostatitis, glaucoma and tendinitis in both

2

Complaint

knees and back problems. At all relevant times, Defendants were aware of the foregoing medical conditions, and PLAINTIFF has provided his medical records to the human resources department at SWRMC. Further, PLAINTIFF had a 50% disability rating when he retired from the Marine Corps in 1999. This disability rating was connected to the medical conditions described above, and these conditions are permanent.

7.    Due to the Agency's continuous acts of discrimination against the PLAINTIFF for over seven years, the PLAINTIFF is currently 90% disabled and suffers from PTSD, major depression, mental anguish, inability to work, humiliation, embarrassment, anxiety, anger, sexual dysfunction, changes in his marital relationship now pending divorce, and suffers loss of self-worth and hopelessness.  PLAINTIFF is unable to function in the same manner as he could before the harassment and despite medication and counseling he has not been cured or has significantly improved.

8.    On 17 Dec 2015, the PLAINTIFF, was not selected for the position of Supervisory Contract Specialist, GS-1102-14, vacancy announcement # NW51102-14-1496556PU186971, due to his race, color, age, and retaliation for prior EEO activity. The agency selected John Rocks, a white male 20 years younger than the PLAINTIFF.

9.    The agency failed to follow higher headquarters, Naval Sea Systems Command, DIVERSITY GUIDANCE ON SELECTION BOARDS AND HIRING PANELS dated 5 Jan 07. It states: "Selecting officials will cross organizational boundaries, if necessary, in order to ensure that Advisory Selection Board (ASB) and Hiring Panels (HP) membership addresses both subject matter expertise and cultural diversity". The hiring panel included Richard Bauer named as individuals that carried out discriminating acts against the PLAINTIFF and Robert Dejesus whom the PLAINTIFF has to be a witness to discriminatory

3

Complaint

practices against two African-American females within his department.

10. The DoN was motivated not to promote the PLAINTIFF due to his race, color and retaliation for taking part in prior EEO activitiy.

11. The selecting official, Capt Joyce Saunders, second level supervisor vice the GS-15 civilian executive director Thomas Coumes was the deciding official for the position. The PLAINTIFF had several years of Supervisory Contract Specialists experience in shipbuilding repair and overhaul contracting. The PLAINTIFF was in a key leadership position as the code 480 Operations Branch head for the code 400 Contracting Department in accordance with the assigned position description.

12. PLAINTIFF has properly exhausted all of his administrative remedies prior to the instant action, including filing an EEOC complaint which was unable to resolve the case within a three year period.

13. PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to relevant provisions of law.

14. On 17 Dec 2015, the PLAINTIFF, subjected to disability discrimination due to not selected for the position of Supervisory Contract Specialist, GS-1102-14, vacancy announcement #SW221102-14-627185P5293901.

15. The PLAINTIFF had a 10 point preference due to 30% or more disability and was not selected nor did the agency get written approval from the Office of Personnel Management to pass over the PLAINTIFF for promotion. The following special provisions 30 Percent or More Disabled Veterans apply to disabled veterans with a compensable service-connected disability of 30 percent or more:  If an agency proposes to pass over a disabled

4

veteran on a certificate to select a person who is not a preference eligible, or to disqualify a disabled veteran based on the physical requirements of the position, it must at the same time notify both the Office of Personnel Management (OPM) and the disabled veteran of the reasons for the determination and of the veteran's right to respond to OPM within 15 days of the date of the notification.

In addition, the intentional failure by a government official to comply with veterans' preference requirements is treated as a prohibited personnel practice, which can be reported to the Office of Special Counsel for investigation and is grounds for disciplinary action.

16. On December 30, 2013, PLAINTIFFF was not selected for the position of Supervisory Contract Specialist, GS-14 (Job Announcement Number NW31102-14-977702PU689800) due to his race, age, color, gender, and retaliation for taking part in prior EEO activity.

17. The agency failed to follow higher headquarters, Naval Sea Systems Command, DIVERSITY GUIDANCE ON SELECTION BOARDS AND HIRING PANELS dated 5 Jan 07. It states: " Selecting officials will cross organizational boundaries, if necessary, in order to ensure that Advisory Selection Board (ASB) and Hiring Panels (HP) membership addresses both subject matter expertise and cultural diversity". The hiring panel included Richard Bauer named as individuals that carried out discriminating acts against the PLAINTIFF and Robert Dejesus whom the PLAINTIFF has to be a witness to discriminatory Practices against two African-American females within his department.

18. The DoN was motivated not to promote the PLAINTIFF due to his race, color and national origin and in retaliation for taking part in prior EEO activitiy. The selecting official, Captain Joyce Saunders, second level supervisor named

5

in discriminatory actions against the PLAINTIFF was the deciding official vice the GS-15 civilian executive director James Achenbach. The PLAINTIFF had several years of Supervisory Contract Specialists experience in shipbuilding repair and overhaul contracting. The PLAINTIFF was in a key leadership position as the code 480 Operations Branch head for the code 400 Contracting Department in accordance with the assigned position description.

19. PLAINTIFF has properly exhausted all of his administrative remedies prior to the instant action, including filing an EEO complaint which was unable to resolve the case within a five year period.

20. PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to relevant provisions of law.

21. On 30 Dec 2013, the PLAINTIFF, subjected to disability discrimination was not selected for the position of Supervisory Contract Specialist, GS-1102-14, (Job Announcement Number NW31102-14-977702PU689800).

22. The PLAINTIFF had a 10 point preference due to 30% or more disability and was not selected nor did the agency get written approval from the Office of Personnel Management to pass over the PLAINTIFF for promotion. The following special provisions 30 Percent or More Disabled Veterans apply to disabled veterans with a compensable service-connected disability of 30 percent or more: If an agency proposes to pass over a disabled veteran on a certificate to select a person who is not a preference eligible, or to disqualify a disabled veteran based on the physical requirements of the position, it must at the same time notify both the Office of Personnel Management (OPM) and the disabled

6

Complaint

veteran of the reasons for the determination and of the veteran's right to respond to OPM within 15 days of the date of the notification.

In addition, the intentional failure by a government official to comply with veterans' preference requirements is treated as a prohibited personnel practice, which can be reported to the Office of Special Counsel for investigation and is grounds for disciplinary action.

23.   PLAINTIFF has properly exhausted all of his administrative remedies prior to the instant action, including filing an EEOC complaint which was unable to resolve the case within a five year period.)

24. PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to relevant provisions of law.

25.   On 17 Dec 2015, the PLAINTIFF, subjected to age, and color discrimination when PLAINTIFF was not selected for the position of Supervisory Contract Specialist, GS-1102-14, (Job Announcement Number #SW221102-14-627185P5293901).

26.   John Rocks is a white male 20 plus years younger or more than the PLAINTIFF.

27.   On 30 Dec 2013, the PLAINTIFF, subjected to age, gender, and color discrimination when PLAINTIFF was not selected for the position of Supervisory Contract Specialist, GS-1102-14, (Job Announcement Number NW31102-14-977702PU689800).

28.   Myriam is a very light skinned Hispanic female 12 years younger or more than PLAINTIFF.

29.   PLAINTIFF has properly exhausted all of his administrative remedies prior to the instant action, including filing an EEOC complaint which was unable to resolve the case within a five year period through EEO complaints.

7

Complaint

30. PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to relevant provisions of law.

31. On 25 May 2016, the PLAINTIFF was subjected to a hostile work environment and disparate treatment when he was removed from his supervisory position and terminated from federal service for exercising his right of opposing discriminatory actions against him and was not protected under the "opposition clause" from and adverse action discrimination. Jason Hamiltion a white male received a letter of reprimand for racial slurs and Overtones against African American employees under his supervision but was not terminated from federal service instead he received a letter of reprimand.

32. On 25 May 2016, the PLAINTIFF was subjected to a hostile work environment and disparate treatment when he was removed from his supervisory position and terminated from federal service for exercising his right of opposing discriminatory actions against him and was not protected under the "opposition clause" from and adverse action discrimination. Maureen Cameron a white female was not removed from her supervisory position and was not terminated from federal service when she submitted a written complaint to the contracting headquarters Naval Sea Systems Command, Washington D.C., claiming racial bias against Captain Joyce Saunders an African American. Maureen Cameron was protected under the "opposition clause" from an adverse action of termination of employment.

33. On 15 Mar 2016, the agency's credible witness, a licensed attorney that accused the PLAINTIFF of harassment was fired due to sexual harassment. The attorney stereotyped the PLAINTIFF as a person that commits domestic violence in society as she has witnessed in court rooms. This action caused anxiety, hopelessness, embarrassment, humiliation, and fear of losing his job subjecting the PLAINTIFF to a hostile work environment.

Complaint

34. On 23 Feb 2016, the PLAINTIFF was subjected to a hostile work environment when John Rocks and Charles Dupray physically escorted the PLAINTIFF out of building 77 to building 3339 away from the code 400 contract departments isolating the PLAINTIFF from all personnel and his Code 480 Operations branch. This action caused anxiety, hopelessness, embarrassment, humiliation, and mental anguish subjecting the PLAINTIFF to a hostile work environment.

35. On 8 Jan 2016, the PLAINTIFF was subjected to a hostile work environment when his second level supervisor acted out an act of intimidation and created a hostile work environment presenting a folder containing documents of accused accusations of prohibited personnel practices in the workplace. The documents contained numerous threats of termination of employment which caused the PLAINTIFF to fear retaliation, losing his job, anxiety, hopelessness, and mental anguish.

36. On 3 Nov 2015, the PLAINTIFF was subjected to a hostile work environment when issued a lettering barring the PLAINTIFF from building 77 from all department meetings and training, and access to his employees and code 480 Operations office.

37. On 23 Oct 2015, the PLAINTIFF was subjected to a hostile work environment when Richard Bauer and Charles Dupray physically escorted the PLAINTIFF out of building 77 to building 76 four blocks away from the code 400 contract department isolating the PLAINTIFF from all personnel and his Code 480 Operations branch.

38. On 23 Oct 2015, the PLAINTIFF was subjected to a hostile work environment being placed in a room without adequate ventilation, no heating, windows sealed shut which could not be disturbed due to lead based paint that sealed the window shut. The PLAINTIFF had no access to a rest room to relieve himself of bodily functions. The condition made the PLAINTIFF ill and was admitted into the VA hospital emergency room.

9

Complaint

39. On 27 Aug 2015, the PLAINTIFF was subjected to a hostile work environment when called in to Captain Joyce Sanders office and issued a memo subject: INTERACTION WITH PEERS AND SUBORDINATES. When the PLAINTIFF asked why Captain Saunders stated: "I don't have to tell you, just take it and leave my office".

40. On 24 Jul 2014, while on administrative leave the PLAINTIFF s 480 Operation Branch was shut down and both African-American employees assigned were transferred to other departments. The PLAINTIFF was being discriminated against due to his race and used as a form of intimidation, reprimand, and retaliation for prior EEO activity and subjected to a hostile work environment.

41. On 1 May 2014, Complainant came on base and was seen by the executive director while complainant was sitting on his motorcycle awaiting co-workers to go to lunch. The Executive director accused complainant of violating the unlawful administrative leave letter not to enter a military facility. The executive officer of the Southwest Regional Maintenance Center command called base security and through an act of "malice" reported the Complainant as a trespasser placing his safety and wellbeing at risk. The complainant was handcuffed and later released on his on accord. The Plaintiff believed he was discriminated against due to his race and color subjected to intimidation, embarrassment, humiliation, reprimand, and retaliation for engaging in prior EEO activity and subjected to a hostile work environment.

42. PLAINTIFF has properly exhausted all of his administrative remedies prior to the instant action, including filing an EEOC complaint which was unable to resolve the case within a seven year period through EEO complaints.

43. PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to relevant

Complaint

provisions of law.

44. On 21 Dec 2015, the PLAINTIFF was subjected to retaliatory acts when issued a notice of proposed suspension on claims of causing anxiety, and disruption in the workplace as a form of intimidation, and reprimand for taking part in prior EEO activity.

45. On 21 Dec 2015, the plaintiff was subjected to retaliatory acts when management conducted a management inquiry against the PLAINTIFF on false accusations of intimidation, threats and creating a hostile work environment in retaliation for prior EEO activity. Management refused to provide all document requested by the PLAINTIFF. This action denied due process and caused harmful procedure errors.

46. On 9 Nov 2015, the PLAINTIFF was subjected to retaliatory acts when management conducted another management inquiry against the PLAINTIFF on false accusations of an employee feeling threaten. The PLAINTIFF was subjected to retaliation for prior EEO activity when management refused to provide all documents requested by the. This action denied due process and caused harmful procedure errors.

47. On 13 Oct 2015, the PLAINTIFF was subjected to retaliatory acts for prior EEO activity based on race and color when the PLAINTIFF was subjected to a management inquiry after being accused of allegations of intimidations, threats, and creating a hostile environment as retaliation in the workplace.

48. On 13 Oct 2015, the PLAINTIFF was subjected to retaliatory acts when management refused to provide all documents requested by the PLAINTIFF. This action denied due process and caused harmful procedure errors.

49. From 22 Oct 2015 to 21 Feb 2016, the PLAINTIFF was was subjected to retaliatory acts when management removed him from a supervisory position and assigned to an administrative

11

position for taking part in prior EEO activity.

50.  PLAINTIFF has properly exhausted all of his administrative remedies prior to the instant action, including filing an EEOC complaint which was unable to resolve the case within a five year period through EEO complaints.

51.  PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to relevant provisions of law.

## FIRST CAUSE OF ACTION
### (RACE DISCRIMINATION IN VIOLATION OF TITLE VII against all Defendants)

52.  PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

53.  PLAINTIFF was at all times material hereto an employee covered by Title VII.

54.  DoN was at all times a federal government department covered by Title VII employing PLAINTIFF, and as such barred from discriminating in employment decisions on the basis of race, color, age, ancestry, and/or national origin.

55.  Defendants through their officers, agents, and/or employees acting within the scope of their employment, discriminated against PLAINTIFF on the basis of his race and color in violation of Title VII by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above.

56.  Defendants' discriminated against PLAINTIFF on the basis of his race and/or color in violation of Title VII, and such discrimination was a substantial and motivating reason for the unlawful treatment of him as alleged in this complaint including his termination.

12

Complaint

57. PLAINTIFF has timely exhausted all of his administrative remedies.

58. As a proximate result of Defendants' discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer from PTSD, major depression, mental anguish, inability to work, humiliation, embarrassment, anxiety, anger, sexual dysfunction, changes in his marital relationship now pending divorce, and suffers loss of self-worth and hopelessness. PLAINTIFF is unable to function in the same manner as he could before the harassment and despite medication and counseling he has not been cured or has significantly improved all to his damage in an amount according to proof.

59. As a result of Defendants' discriminatory acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided by 29 U.S.C. §§ 2000e-16(d); 2000e-5(k).

## SECOND CAUSE OF ACTION
### (DISABILITY DISCRIMINATION against all Defendants)

60. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

61. PLAINTIFF was at all times material hereto an employee covered by VRA.

62. The DoN was at all times a federal government department, and as such barred from discriminating in employment decisions on the basis of disability.

63. Defendants through their officers, agents, and/or employees acting within the scope of their employment, discriminated against PLAINTIFF on the basis of his disabilities in violation of VRA by engaging in a course of conduct which included, but is not limited to, the acts set forth above.

64. PLAINTIFF has exhausted all of his administrative remedies.

13

Complaint

65.  As a proximate result of Defendants' discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer PTSD, major depression, mental anguish, inability to work, humiliation, embarrassment, anxiety, anger, sexual dysfunction, changes in his marital relationship now pending divorce, and suffers loss of self-worth and hopelessness.  PLAINTIFF is unable to function in the same manner as he could before the harassment and despite medication and counseling he has not been cured or has significantly improved all to his damage in an amount according to proof.

66.  As a result of Defendants' discriminatory acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### (AGE DISCRIMINATION IN VIOLATION OF THE ADEA against all Defendants)

67.  PLAINTIFF hereby realleges and incorporates by reference herein each and every  preceding paragraph of this complaint.

68.  PLAINTIFF is over age 40 and was at all material times an employee covered by the ADEA, which prohibits discrimination and harassment in employment on the basis of age.

69.  The DoN was, and at all material times is, an employer within the meaning of the ADEA and, as such, was barred from discriminating in employment decisions and harassing employees on the basis of age.

14

Complaint

70. Defendants through their officers, agents, and/or employees acting within the scope of their employment, have discriminated against PLAINTIFF on the basis of his age in violation of the ADEA by engaging in a course of conduct which has included, but is not limited to, at least some of the acts alleged above.

71. PLAINTIFF has exhausted all of his administrative remedies.

72. As a proximate result of Defendants' treatment of PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer PTSD, major depression, mental anguish, inability to work, humiliation, embarrassment, anxiety, anger, sexual dysfunction, changes in his marital relationship now pending divorce, and suffers loss of self-worth and hopelessness. PLAINTIFF is unable to function in the same manner as he could before the harassment and despite medication and counseling he has not been cured or has significantly improved all to his damage in an amount according to proof.

73. As a result Defendant's acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and cost of said suit. WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### (SUBJECTED TO A HOSTILE WORK ENVIRONMENT)

74. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

75. PLAINTIFF was at all times material hereto an employee covered by Title VII.

76. DoN was at all times a federal government department covered by Title VII

15

Complaint

employing PLAINTIFF, and as such barred from discriminating in employment decisions on the basis of race, color, ancestry, and/or national origin.

77. Defendants through their officers, agents, and/or employees acting within the scope of their employment, discriminated against PLAINTIFF on the basis of his race, and color in violation of Title VII by engaging in a course of conduct which

included, but is not limited to, at least some of the acts set forth above.

78. Defendants' discriminated against PLAINTIFF on the basis of his race and/or color in violation of Title VII, and such discrimination was a substantial and motivating reason for the unlawful treatment of him as alleged in this complaint.

79. PLAINTIFF has timely exhausted all of his administrative remedies.

80. As a proximate result of Defendants' discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer from major depression, embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

81. As a result of Defendants' discriminatory acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided by 29 U.S.C. §§ 2000e-16(d); 2000e-5(k).

## FIFTH CAUSE OF ACTION
### (RETALIATION FOR PRIOR EEO ACTIVITY against all Defendants)

82. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

83. PLAINTIFF was at all times material hereto an employee covered by Title VII and the VRA.

16

Complaint

84. The DoN was at all times a federal government department covered by Title VII and the VRA employing PLAINTIFF, and as such was barred from retaliating against employees for engaging in EEO activity protected by the law, such as opposition against racial discrimination as occurred in this matter.

85. Defendants through their officers, agents, and/or employees acting within the scope of their employment, retaliated against PLAINTIFF for engaging in EEO activity protected by the law in violation of Title VII and the VRA by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above.

86. The DoN's retaliation against PLAINTIFF for protected EEO activity in violation of Title VII and the VRA was a substantial and motivating reason for unlawful treatment of him as alleged in this complaint.

87. PLAINTIFF has exhausted all of his administrative remedies.

88. As a proximate result of the DoN's violations against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to PTSD, major depression, mental anguish, inability to work, humiliation, embarrassment, anxiety, anger, sexual dysfunction, changes in his marital relationship now pending divorce, and suffers loss of self-worth and hopelessness. PLAINTIFF is unable to function in the same manner as he could before the harassment and despite medication and counseling he has not been cured or has significantly improved all to his damage in an amount according to proof.

89. As a result of Defendant's violations as alleged herein, PLAINTIFF is entitled to reasonable attorney's fees and cost of said suit.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

17

Complaint

## PRAYER FOR RELIEF

1. PLAINTIFF requests relief as follows:

2. That Defendants, their agents, officers, employees and those acting in concert, be enjoined permanently from engaging in the unlawful practices, policies, usages and customs set forth herein;

3. For past, present and future compensatory damages according to proof, including compensatory damages for lost wages as well as losses resulting from humiliation, mental anguish, emotional distress, and harm to PLAINTIFF's reputation according to proof;

4. HEREFORE, PLAINTIFF requests relief as hereinafter provided.

5. Acting in concert, be enjoined permanently from engaging in the

6. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

7. For declaratory relief declaring the Defendant(s) engaged in illegal disability discrimination and/or discriminated against PLAINTIFF due to his age, race and color and/or retaliated against PLAINTIFF for exercising EEO rights;

8. For a posting in PLAINTIFF's former workplace of disability discrimination, retaliation and/or age discrimination;

9. For remedial training for the DoN officials and/or other employees responsible for the DoN's unlawful actions towards PLAINTIFF.

10. For costs of suit including reasonable attorneys' fees; and

11. For such other and further relief as the Court may deem proper.

18

Complaint

Pro se, PLAINTIFF
William C. Owens

By: _____
**William C. Owens**
**PLAINTIFF**

Dated: January 3, 2019

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial.

Dated: January 3, 2019

By: _____
**William C. Owens**
**PLAINTIFF**
**charleso1@cox.net**

/ /

19

Complaint