UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAMS C. OWENS,

Plaintiff,

v.

RICHARD V. SPENCER,

Defendant.

Case No.  19cv0012-JAH (JLB)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 4) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. No. 12)**

## INTRODUCTION

Pending before the Court is Defendant Richard V. Spencer's ("Defendant") Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. No. 4.  Plaintiff filed a response in opposition.  See Doc. No. 7.  The motion is fully briefed.  After careful review of the pleadings submitted by both parties, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion, and Plaintiff's complaint (Doc. No. 1) is **DISMISSED** **with prejudice**.  Plaintiff's motion for leave to file first amended complaint (Doc. No. 12) is **DENIED as moot**.

## BACKGROUND

Plaintiff is a retired Marine Corps veteran.  See Doc. No. 1.  Defendant is the Secretary for the Department of the Navy.  Id.  Plaintiff was removed from federal service for misconduct on May 25, 2016.  Doc. No. 4-1 at pg. 2.  Plaintiff appealed this decision,

and a Merit Systems Protection Board ("MSPB") Administrative Judge affirmed the decision on November 21, 2017. Id. at pgs. 2-3. On January 3, 2019, Plaintiff filed the instant action against Defendant alleging (1) race discrimination in violation of Title VII; (2) disability discrimination; (3) age discrimination in violation of the ADEA; (4) hostile work environment; and (5) retaliation for prior EEO activity. See Doc. No. 1. On February 13, 2019, Defendant filed the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. See Doc. No. 4. Plaintiff filed a motion for leave to file first amended complaint on April 12, 2019 and filed a response in opposition to Defendant's motion to dismiss on April 15, 2019. See Doc. Nos. 6, 7. On May 9, 2019, this Court GRANTED Plaintiff's motion for leave to file a first amended complaint and allowed Plaintiff to file a first amended complaint no later than May 15, 2019. See Doc. No. 10. To date, Plaintiff has not filed an amended complaint. Plaintiff filed another motion for leave to file a first amended complaint on May 15, 2019. See Doc. No. 12.

## DISCUSSION

### I. Legal Standard

#### a. **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff

2

to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II.     Analysis

Defendant argues that the instant action is the result of improper claim splitting. Doc. No. 4-1 at pg. 4. Defendant asserts that "[t]he doctrine of claim splitting bars a party from bringing claims arising from the same set of facts in successive actions, rather than all at once." Id. (citing United States v. Haytian Republic, 154 U.S. 118, 125 (1894)). Defendant contends that the instant action involves "the same parties, same causes of action, and largely the same facts" as the prior action. Id. at pg. 5. Defendant further contends that in both the instant action and a prior case in front of this Court, Plaintiff alleges that he was discriminated against due to the same physical conditions; complains about being accused for the same things; and alleges in both cases "that he was subjected

to racial discrimination and retaliated against after exercising his First Amendment rights." Id. Defendant argues that Plaintiff's allegations all come from his dissatisfaction with his prior job and arise from the same nucleus of facts. Id.

In response, Plaintiff contends that this case "has its own unique stand-alone allegation pertaining to issues of termination." Doc. No. 7 at pg. 2. Plaintiff also contends that this case is not related to 18cv1796, which this Court dismissed on March 27, 2019. Id. Plaintiff argues that he did not engage in improper claim splitting because the four causes of action filed in this Court "differ significantly" and are not the same. Id. at pg. 6.

The doctrine of claim splitting bars a party from subsequent litigation where the "same controversy" exists. Nakash v. Superior Court, 196 Cal.App.3d 59, 68, 241 Cal.Rptr. 578 (1987). The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" Clements v. Airport Authority of Washoe County, 69 F.3d 321, 328 (9th Cir. 1995). The Ninth Circuit in In re International Nutronics, Inc., 28 F.3d 965 (9th Cir. 1994) set forth the factors for considering "whether successive suits involve the same cause of action," including:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

Id. at 970 (citing to Clark v. Bear, Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). Although not one single factor is determinative of whether a successive suit would be barred under res judicata principles, whether the "same transactional nucleus of facts" exists is the most important factor in the analysis. Constantini v. Trans World Airlines, 681 F.2d 1199, 1202 (9th Cir. 1982). The Ninth Circuit uses a transaction test to determine whether two suits share the same transactional nucleus of operative fact. Int'l Union v. Karr, 994 F.2d 1426, 1429-30 (9th Cir. 1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and

4

whether they could conveniently be tried together." <u>Western Sys., Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir. 1992).

As discussed, a district court is confined on a motion to dismiss to facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. <u>Lee</u>, 250 F.3d at 688-89. In addition, attorney arguments cannot be offered as evidence in any proceeding, and therefore this Court cannot consider factual evidence that are only proffered by counsel, and not explicitly present in either the complaint or any document attached to the complaint. <u>See</u> <u>Estrella v. Brandt</u>, 682 F.2d 814, 820 (9th Cir. 1982) (arguments made in legal memoranda not evidence) (citing to <u>Flaherty v. Warehousemen Local 334</u>, 574 F.2d 484, 486, fn. 2 (9th Cir. 1978).

The Court finds the instant action arises from the same set of nucleus facts as another case involving the same parties, Case No. 18-cv-1796, previously before this Court. In both cases, Plaintiff William Owens alleged race discrimination, disability discrimination, age discrimination, and retaliation by the employer, against Defendant Richard V. Spencer. In both cases, the gravamen of Plaintiff's grievances center around his dissatisfaction with his job. The Court finds that the filing of the instant action constitutes improper claim splitting. <u>See</u> <u>Nakash</u>, 196 Cal.App.3d 59, 68, 241 Cal.Rptr. 578 (1987). Because this Court found that Plaintiff's complaint in Case No. 18-cv-1796 to be time-barred and dismissed that case with prejudice, the Court also dismisses the instant action with prejudice. <u>See</u> <u>Schreiber Distributing Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986) (leave to amend, even if not requested, should be granted unless futile).

//
//
//
//
//
//

5

## CONCLUSION

Based on the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint **with prejudice**.  **IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file first amended complaint (Doc. No. 12) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATED: May 22, 2019

_____
JOHN A. HOUSTON
United States District Judge

19cv0012-JAH (JLB)